# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBIAPPS, INC., a Texas corporation,<br><br>                                     Plaintiff,<br>  vs.<br><br>QUAKE GLOBAL, INC., a California corporation,<br><br>                                    Defendant.<br>_____<br>QUAKE GLOBAL, INC., a California corporation,<br><br>                             Counter Claimant,<br>  vs.<br><br>MOBIAPPS, INC., a Texas corporation; INTRINSIX, INC., a Massachusetts corporation; DOES 1 through 25, inclusive,<br><br>                             Counter Defendants. | CASE NO. 06cv1745-LAB (JMA)<br><br>[Related Case No.<br>06cv1574-LAB (JMA)]<br><br>**ORDER DENYING APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>[Dkt No. 30] |

       This matter came before the court on November 20, 2006 for hearing of defendant/counter-claimant Quake Global, Inc.'s ("Quake") Application For Preliminary Injunction. Quake sought to prevent plaintiff/counter-defendant MobiApps, Inc. ("MobiApps") from releasing and commercially marketing a particular satellite communicator product

1  Quake asserts in this litigation is based on its proprietary trade secrets.  Stewart Brown,
2  Esq., Donald Sperling, Esq., and Thomas Berg, Esq. appeared for MobiApps or Intrinsix, Inc.
3  Maxwell Blecher, Esq. and John Andrew, Esq. appeared for Quake.  Susan St. Denis, Esq.
4  and Thomas Hall, Esq. appeared telephonically, representing proposed intervenor
5  ORBCOMM.

6  Despite each side's objections to the evidence presented by the other, less stringent
7  evidentiary rules apply in the context of deciding requests for preliminary injunctive relief.
8  Applying the applicable legal standards, the court is unable to make any finding regarding
9  either party's likelihood of success on the merits at this point because of their diametrically
10 opposed positions and MobiApps' counter-proffer that it is not using Quake's module.  For
11 the reasons more fully recited on the record, the court determined Quake did not carry its
12 burden as the moving party to show irreparable harm to itself if MobiApps is not prevented
13 from implementing the announced release of its satellite communicator product.  Although
14 serious questions are raised, Quake will have contractual and trade secret legal remedies
15 if it prevails on the merits, undermining any finding it faces irreparable harm absent
16 preliminary injunctive relief, whereas MobiApps demonstrated exposure to injury much
17 greater to itself should the court grant the preliminary injunction.

18  Finally, the court notes patent cases often proceed in the normal course without early
19 preemptive court intervention, and the public interest in smooth commercial operations
20 weighs against granting extraordinary injunctive relief in this case.  Accordingly, for all the
21 foregoing reasons, **IT IS HEREBY ORDERED** Quake's Application For Preliminary Injunctive
22 Relief is **DENIED**.

23  **IT IS SO ORDERED**.

24 DATED:  December 8, 2006

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 2 -                                                                                                                06cv1745