1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBIAPPS, INC., a Texas corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>QUAKE GLOBAL, INC., a California corporation,<br><br>              Defendant. | CV NO.  06-CV-1745 LAB (JMA)<br><br>**JOINT MOTION FOR PROTECTIVE ORDER<br>AND ORDER THEREON** |
| AND RELATED COUNTERCLAIMS<br>AND CROSS-CLAIMS. | |

Pursuant to the United States District Court for the Southern District of California,

Electronic Case Filing Administrative Policy and Procedures Manual, Section 2.f. all parties

jointly move the Court for the entry of a protective order in this case.

This joint motion is filed to expedite the flow of discovery materials, to facilitate the

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect

information the parties are entitled to keep confidential, to ensure that only materials the parties

are entitled to keep confidential are subject to such treatment, and to ensure that the parties are

1    permitted reasonably necessary uses of such materials in preparation for and in the conduct of

2    trial, pursuant to Fed. R. Civ. P. 26(c).  Accordingly, the parties to this action hereby stipulate

3    and agree to, and request that the Court enter the following protective order:

4          **1.      Scope Of Protection.**

5          1.1     This Protective Order shall govern any information, document or thing

6    designated pursuant to paragraph 2 of this Protective Order, produced in this action, including all

7    designated deposition testimony, all designated testimony taken at a hearing or other proceeding,

8    all designated interrogatory answers, documents and other discovery materials and things,

9    whether produced informally or in response to interrogatories, requests for admissions, requests

10   for production of documents or other formal method of discovery.

11         1.2     This Protective Order shall also govern any designated information,

12   document or thing produced in this action pursuant to required disclosures under any federal

13   procedural rule, Southern District of California local rule, and any supplementary disclosures

14   thereto.

15         1.3     This Protective Order shall apply to the parties and any nonparty from

16   whom discovery is sought and who desires the protection of this Protective Order.

17         **2.      Designation.**

18         2.1     Each party shall have the right to designate as "Confidential" and subject

19   to this Protective Order any information, document or thing produced by it in this action which

20   contains, reflects, or otherwise discloses confidential technical, business or financial information.

21   This designation shall be made by stamping or otherwise labeling each page or thing containing

22   Confidential information with the legend CONFIDENTIAL (or like designation) prior to its

23   production or, if inadvertently produced without such legend, pursuant to the procedure set forth

24   in paragraph 15.

25         2.2     Each party shall have the right to designate as "Attorneys' Eyes Only," any

26   information, document or thing produced in this action which contains, reflects or otherwise

27   discloses trade secrets, current research and development or competitively sensitive information.

28   Such "Attorneys' Eyes Only" information, documents and things may include, without limitation,

-2-

1  currently competitive trade secrets, confidential technical information, technical practices,

2  methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales

3  information, customer-confidential information, agreements or relationships with non-parties,

4  market projections or forecasts, strategic business plans, selling or marketing strategies or new

5  product development, testing, manufacturing costs or information about employees.  This

6  designation shall be made by stamping or otherwise labeling each page or thing containing

7  Attorneys' Eyes Only information with the legend ATTORNEYS' EYES ONLY (or like

8  designation) prior to its production or, if inadvertently produced without such legend, pursuant to

9  the procedure set forth in paragraph 15.

10         2.3     The parties will use reasonable care to avoid designating any information,

11 documents or things Confidential that are generally available to the public.  The parties will also

12 use reasonable care to avoid designating any information, documents or things "Confidential" or

13 "Attorneys' Eyes Only" for which the designating party does not have a good faith belief that the

14 information, documents or things satisfy the criteria set forth in this paragraph.  To the extent that

15 material is marked Confidential or Attorneys' Eyes Only (collectively "Designated Information"),

16 such material shall be revealed to or used only by qualified persons as provided for in paragraph 4

17 and shall not be communicated in any manner, either directly or indirectly, to any person or entity

18 not permitted disclosure pursuant to this Protective Order.  Any copies of such material, abstracts,

19 summaries or information derived therefrom, and any notes or other records regarding the

20 contents thereof shall also be deemed Confidential or Attorneys' Eyes Only and the same terms

21 regarding confidentiality of these materials shall apply as apply to the originals.

22         2.4     With respect to all materials provided for inspection by a party's counsel,

23 designation by stamping or labeling need not be made until copies of the materials are requested

24 after inspection and selection by counsel.  Making documents and things available for inspection

25 shall not constitute a waiver of any claim of confidentiality, and all materials provided for

26 inspection by a party's counsel shall be treated as though designated Attorneys' Eyes Only from

27 the time of the inspection until otherwise designated pursuant to this Protective Order or produced

28 without a designation.

-3-

**3.**      **Limit On Use And Disclosure Of Designated Information.**

3.1      All recipients of Confidential or Attorneys' Eyes Only information pursuant to this Protective Order shall use any Designated Information governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court.  The prosecution and defense of this action does not include prosecution of patent applications, reissue applications, reexamination applications, interference proceedings or opposition proceedings.  No party or other person shall disclose or release to any person not authorized under this Protective Order any Designated Information governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

3.2      While it is understood that counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Confidential and Attorneys' Eyes Only information received by the party - provided that such rendering of advice and opinions shall not reveal the content of such Designated Information except by prior written agreement with counsel for the producing party - counsel receiving Confidential or Attorneys' Eyes Only information under this Protective Order will not in any way use such Designated Information to provide advice or opinions to in any way facilitate prosecution of any patents or to otherwise attempt to secure patent claims (e.g., reissue, reexamination, certificates of correction).

3.3      The attorneys of record for the parties and other persons receiving Designated Information governed by this Protective Order shall exercise reasonable care to ensure that the Designated Information governed by this Protective Order is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons.

3.4      If Designated Information subject to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relation to such disclosure to the attention of the designating party and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person

-4-

1  who was the recipient of such information.

2  **4.     Disclosure Of Designated Information.**

3       4.1     Information, documents or things designated Confidential shall be

4  disclosed by the recipient thereof only to:

5            a.     the outside attorneys and patent agents of record for the parties, and

6  their authorized secretarial, clerical and legal assistant staff;.

7            b.     up to two employees of each named party (to be identified to the

8  other parties prior to receipt by the employees of any Designated Information) not involved in the

9  preparation or prosecution of patent applications, provided that each individual must first agree to

10  be bound by the terms of this Protective Order;

11            c.     consultants or experts and their staffs retained by the parties or their

12  attorneys for purposes of this action, subject to the procedures of paragraph 7, who are not

13  employees or otherwise affiliated with any of the parties, and who first agree to be bound by the

14  terms of this Protective Order by executing a Confidentiality Undertaking in the form attached as

15  Exhibit A hereto,

16            d.     the Court and Court personnel;

17            e.     court reporters employed in connection with this action;

18            f.     outside copying and computer services necessary for document

19  handling, and other litigation support personnel (e.g., graphic designers, trial consultants and

20  animators); and

21            g.     translation services necessary for translating documents in this

22  action.

23       4.2     Information, documents or things designated Attorneys' Eyes Only shall be

24  disclosed only to those categories of individuals listed in paragraph 4.1, excluding sub-

25  paragraphs 4.1(b).

26       4.3     No disclosure of Designated Information shall be made to persons in sub-

27  paragraphs 4.1(b) - (c) and (e) - (g) unless such person has executed a written Confidentiality

28  Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound

by the terms of this Protective Order.  Copies of such Confidentiality Undertakings shall be promptly served on the producing party.  Separate Confidentiality Undertakings shall not be required for staff members working under the supervision of an individual signing a Confidentiality Undertaking.  In any case, the provisions of paragraph 7 must be followed prior to any disclosure of Confidential or Attorneys' Eyes Only information to experts, consultants or their staff.

**5.     Withholding and Redaction.**

Counsel for a party producing documents may withhold documents or mask ("redact") material deemed exempt from discovery because such documents or material are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b). For withheld documents:  the document withheld, along with the protection claimed for the document and the basis for the protection, shall be reported on a log to be provided within thirty (30) calendar days after the production of the files from which the withheld documents originate. Documents created after the filing date of this action which are protected from disclosure under the attorney-client privilege or work product doctrine need not be included on the privilege log. For redacted documents:  (i) the produced document must identify the area where redaction has occurred; and (ii) the identity of the redacted document, the protection claimed for the redacted portions, and the basis for the protection shall be reported on a log to be provided within thirty (30) calendar days after the production of the redacted document.  In all cases, sufficient information must be provided to enable the other party to evaluate the legitimacy of the asserted privilege or immunity.

**6.     Identification Of Experts.**

6.1     If any party desires to disclose information designated Confidential or Attorney' s Eyes Only to any expert or consultant pursuant to paragraph 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant.  Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of the proposed expert or consultant's past, current and anticipated consulting relationships (with the exception of damages

CASE NO. C06-1745 LAB (JMA)

1   experts), a list of the cases in which the expert or consultant has testified at a deposition or at trial

2   within the last four years and all prior and/or present relationships between the expert or

3   consultant and the parties in this case.

4            6.2      The attorney for the producing party shall have five (5) business days from

5   receipt of such notice to object to disclosure of such information to any of the experts or

6   consultants so identified.  Objections shall not be made except where the objecting party has a

7   good faith belief that it may be harmed by the disclosure of the party's information.  Any

8   objection made to an opposing party shall state in detail the basis for the objection.

9            6.3      The parties shall attempt to resolve any objections informally.  If the

10   objections cannot be resolved, the objecting party may move the Court for an Order preventing

11   disclosure to the consultant or expert within ten (10) business days after the objection was made.

12   If any such motion is made, the objecting party shall bear the burden of proof.  If no such motion

13   is made within said ten (10) business day period, the consultant or expert shall be permitted to

14   receive Confidential or Attorneys' Eyes Only information pursuant to the terms of this Protective

15   Order.  In the event objections are made and not resolved informally and a motion is filed,

16   disclosure of information to the expert or consultant shall not be made except by Order of the

17   Court (or to any limited extent upon which the parties may agree).

18            6.4      The parties agree that expert discovery will be limited to the final expert

19   report(s) and all information, documents or things upon which the expert relied in preparing the

20   final expert report(s).  The parties agree that an expert's draft reports, notes and other

21   communications (to the extent not relied upon in preparing the final expert report(s)) will be

22   excluded from expert discovery unless specifically relied upon in preparing the final expert

23   report(s).  In the event any party withdraws and/or replaces an expert designated under this

24   provision prior to submission of a report by said expert, the opinions and materials generated by

25   said expert shall not be subject to discovery

26        **7.      Related Documents.**

27        Information, documents or things designated Confidential or Attorneys' Eyes Only may

28   include (a) portions of documents, copies, extracts, and complete or partial summaries prepared

-7-

from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with paragraph 9.

**8.    Designation Of Hearing Transcripts And Deposition Transcripts And Exhibits.**

8.1    Deposition transcripts, or portions thereof, may be designated as containing Confidential or Attorneys' Eyes Only information subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see paragraphs 2.1 and 2.2) as the designating party may direct, or (b) within ten (10) business days after receipt of the official transcript of the deposition by providing written notice to the reporter and all counsel of record of the specific pages and lines that contain Confidential or Attorneys' Eyes Only information, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

8.2    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, Attorneys' Eyes Only for a period of fifteen (15) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4.2 during that period.  Any portions of such transcripts not designated within this time frame shall not thereafter be treated as Confidential or Attorneys' Eyes Only information, except by order of the Court.

8.3    Any party may mark any document or thing containing Confidential or Attorneys' Eyes Only information as an exhibit to a deposition, hearing or other proceeding, provided the witness is qualified under the terms of this Protective Order to have access to such designated material.

8.4    The designating party shall have the right to exclude from a deposition,

-8-

1  before the taking of testimony which the designating party designates Confidential or Attorneys'

2  Eyes Only and subject to this Protective Order, all persons other than those persons previously

3  qualified to receive such information pursuant to paragraph 4.

4          8.5     At any court hearing or proceeding no party is prevented by this Protective

5  Order from moving the Court to close the hearing and designate all or portions of the transcript as

6  Confidential or Attorneys' Eyes Only information.

7          **9.    Disclosure To Author Or Recipient.**

8          Notwithstanding any other provisions of this Protective Order, nothing herein shall

9  prohibit counsel or a party from disclosing a document containing information designated

10  Confidential or Attorneys' Eyes Only to any current employee of the producing party or to any

11  person that the document clearly identifies as an author, addressee, or recipient of such document

12  or who can be shown by appropriate foundation (without disclosing the contents of the document)

13  would have received the particular document or would have been expected to know the contents

14  of particular document based on his/her position.  Regardless of the designation pursuant to this

15  Protective Order, if a document or testimony makes reference to the actual or alleged conduct or

16  statements of a person who is a potential witness, counsel may discuss the subject matter of such

17  conduct or statements with such witness without revealing any portion of the contents of the

18  document or testimony, and such discussion shall not constitute disclosure in violation of this

19  Protective Order.

20          **10.   Confidentiality Of Party's Own Documents.**

21          Nothing herein shall affect the right of the designating party to disclose to its officers,

22  directors, employees, attorneys, consultants or experts, or to any other person, its own

23  information.  Such disclosure shall not waive the protections of this Protective Order and shall not

24  entitle other parties or their attorneys to disclose such information in violation of it, unless by

25  such disclosure by the designating party the information becomes public knowledge.  Similarly,

26  the Protective Order shall not preclude a party from showing its own information to its officers,

27  directors, employees, attorneys, consultants or experts, or to any other person, which information

28  has been filed under seal by the opposing party.

CASE NO. C06-1745 LAB (JMA)

**11.     Designation Of Documents Under Seal.**

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

**12.     Challenge To Confidentiality.**

12.1     This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an order permitting the disclosure or use of Designated Information otherwise prohibited by this Protective Order, or (c) applying for a further order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation or to the alleged status of any material as a proprietary and/or trade secret, nor be construed as an admission of same status.

12.2     If a party seeks de-designation of particular items the following procedure shall be utilized:

a.     The party seeking such de-designation shall give counsel of record for the other party written notice thereof specifying the Designated Information as to which such removal is sought and the reasons for the request; and

b.     If, after conferring, the parties cannot reach agreement concerning

-10-

the matter within five (5) business days after the delivery and receipt of the notice, then the party

requesting the de-designation of particular items may file and serve a motion for a further order of

this Court directing that the designation shall be so removed.  On any such motion, the burden of

proof shall lie with the producing party to establish that the information is, in fact, properly

designated as Confidential or Attorneys' Eyes Only information.

**13.    Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

13.1     The inadvertent production or disclosure of any document or thing

otherwise protected by the attorney-client privilege or work product immunity shall not operate as

a waiver of any such privilege or immunity if, after learning of the inadvertent production or

disclosure, the party who made the inadvertent production or disclosure promptly sends to each

receiving party a written request for return of the inadvertently produced or disclosed document

or thing.  Upon being notified by the producing party pursuant to this paragraph, counsel for the

non-producing party shall use his or her best efforts to retrieve all copies of the documents at

issue.  The receiving party shall return or destroy all copies of such documents within five (5)

business days of such notice and certify such return or destruction in writing to the producing

party.  Return of the document by the receiving party shall not constitute an admission or

concession, or permit any inference, that the returned document is, in fact, properly subject to a

claim of attorney-client privilege or work product immunity.

a.      If the receiving party wishes to contest that any such document or

thing was inadvertently produced or is protected by the attorney-client privilege or by work

product immunity, the receiving party shall so notify the producing party in its certification of

return or destruction of the documents or things;

b.      Within five (5) business days after receiving such notification, the

producing party shall provide to the receiving party a list identifying all such returned documents

and things and stating the basis for the claim of privilege or immunity.

c.      Within five (5) business days after receiving such a list, the

-11-

1  receiving party may file a motion to compel production of such documents and things, the

2  protection of which is still disputed.  If such a motion is filed, the producing party shall have the

3  burden of proving that the documents and things in dispute are protected by attorney-client

4  privilege or by work product immunity.

5                          d.        With respect to documents and things generated by a receiving

6  party which contain information derived from such inadvertently produced documents and things,

7  if the receiving party does not notify the producing party that the receiving party disputes the

8  claims of attorney-client privilege or work-product immunity, the receiving party shall either

9  destroy the derivative documents and things or redact from them all such derivative privileged or

10  immune information in a manner such that the derivative information cannot in any way be

11  retrieved or reproduced.

12  **14.    Inadvertent Failure To Designate.**

13         A producing party or nonparty that inadvertently fails to designate information,

14  documents or things pursuant to this Protective Order at the time of production may thereafter

15  make a designation pursuant to this Protective Order by serving notice thereof in writing,

16  accompanied by substitute copies of each item, appropriately designated, to the receiving party

17  within five (5) business days of discovery that the information, documents or things were not

18  properly designated.  The receiving party shall not be in violation of this Protective Order for

19  disclosures made prior to receipt of notification.  Those individuals who reviewed the

20  information, documents or things prior to the notice of misdesignation or failure to designate by

21  the producing party shall return to counsel for the producing party or destroy and certify

22  destruction of all copies of the misdesignated information, documents or things within ten (10)

23  business days after receipt of such notification.

24  **15.    Prior Or Public Knowledge.**

25         This Protective Order shall not apply to information that, prior to disclosure, is public

26  knowledge, and the restrictions contained in this Protective Order shall not apply to information

27  that is, or after disclosure becomes, public, was in the possession of the party to whom disclosure

28  is made prior to disclosure or is public knowledge other than by an act or omission of the party to

-12-

1   whom such disclosure is made, or that is legitimately and independently acquired from a source

2   not subject to this Protective Order.

3   **16.   Limitation Of Protective Order.**

4   This Protective Order is not intended to address discovery objections to produce, answer,

5   or respond on the grounds of attorney-client privilege or work product immunity, or to preclude

6   any party from seeking further relief or protective orders from the Court as may be appropriate

7   under the Federal Rules of Civil Procedure.

8   **17.   Other Proceedings.**

9   17.1   By entering this Protective Order and limiting the disclosure of information

10   in this case, the Court does not intend to preclude another court from finding that information

11   may be relevant and subject to disclosure in another case.  Any person or party subject to this

12   Protective Order who may be subject to a motion to disclose another party's Confidential or

13   Attorneys' Eyes Only information pursuant to this Protective Order shall promptly notify that

14   party of the motion and provide that party with a copy of the motion so that it may have an

15   opportunity to appear and be heard on whether such information should be disclosed.

16   17.2   Furthermore, any person or party subject to this Protective Order who is

17   subject to a subpoena to disclose another party's Confidential or Attorneys' Eyes Only

18   information shall promptly notify that party of the existence of the subpoena and provide that

19   party with a copy of the subpoena so that party may have an opportunity to appear and be heard

20   on whether such information should be disclosed.

21   **18.   Non-Party Material.**

22   The terms of this Protective Order are applicable to Confidential or Attorneys' Eyes Only

23   information provided by a non-party.  Information provided by a non-party in connection with

24   this action and designated Confidential or Attorneys' Eyes Only, pursuant to the terms of this

25   Protective Order shall be protected by the remedies and relief provided by this Protective Order.

26   **19.   Return Of Designated Information.**

27   Within sixty (60) calendar days after the final termination of the last of this action by

28   unappealable judgment, exhaustion of all appeals or settlement, unless otherwise agreed to in

writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all Designated Information and all other materials containing Designated Information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain, constitute or reflect attorney work product or attorney-client privilege communications may be retained by counsel, subject to a continuing obligation to protect Designated Information pursuant to this Protective Order.

**20.      Waiver Or Termination Of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.

**21.      Modification Of Protective Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.  This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**22.      Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Protective Order.

//

//

//

//

//

//

//

//

//

CASE NO. C06-1745 LAB (JMA)

**23.     Days.**

All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

Respectfully submitted,

Dated:  January __, 2007

DLA PIPER US LLP

By _____
    STEWART M. BROWN
    THOMAS A. BURG
    Attorneys for Plaintiff/Counterclaim
    Defendant
    MOBIAPPS, INC.

Dated:  January __, 2007

BLECHER & COLLINS, P.C.

By _____
    MAXWELL M. BLECHER
    JOHN E. ANDREWS
    JENNIFER S. ELKAYAM
    Attorneys for Defendant/Counterclaim
    Plaintiff
    QUAKE GLOBAL, INC.

Dated:  January __, 2007

WINGERT GREBING BRAUBAKER
& GOODWIN LLP

By _____
    ALAN K. BRUBAKER
    Attorneys for Cross-Defendant
    INTRINSIX, INC.

Dated:  January __, 2007

CHADBOURNE & PARKE LLP

By _____
    SUSAN ST. DENIS
    Attorneys for Intervenor
    ORBCOMM LLC

-15-

1  **IT IS SO ORDERED.**

2  DATED:  January 16, 2007

3

4  Jan M. Adler
   U.S. Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C06-1745 LAB (JMA)

**EXHIBIT A**

| | |
|---|---|
| MOBIAPPS, INC., a Texas corporation, | CV NO.  06-CV-1745 LAB (JMA) |
| Plaintiff, | |
| v. | PROPOSED] STIPULATION AND PROTECTIVE ORDER |
| QUAKE GLOBAL, INC., a California coporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | |

## CONFIDENTIALITY UNDERTAKING

I have read the Protective Order concerning the confidentiality of information in the above captioned litigation.  I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential information.  I also understand that the Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information. I agree to comply with all provisions of the Protective Order described above with respect to any information designated Confidential or Attorneys' Eyes Only that is furnished to me.  I hereby consent to the personal jurisdiction of the United States District Court, Southern District of California, for any proceedings involving the enforcement of that Protective Order.

EXECUTED this _____ day of _____, 2007

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address

-17-